UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADONIS R. GRADY,

    *Plaintiff,*

    *v.*

STATE OF WISCONSIN,
WISCONSIN DEPARTMENT OF CORRECTIONS,
ALEX A. WOUTS,

                                                  Case No. 2:21-cv-923

    *Defendants.*

## COMPLAINT

Plaintiff Adonis Grady, by his attorneys, STRANG BRADLEY, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. Defendant Alex Wouts, a prison guard at Fox Lake Correctional Institution, sexually assaulted Plaintiff Adonis Grady, an inmate, at least 20 times between September of 2015 and January of 2016.

2. After an investigation by the Dodge County Sheriff's Department, Wouts was arrested and ultimately found guilty of assaulting several different inmates under his care.

3. Wouts's criminal defense attorney, in an ineffective assistance of counsel hearing, testified that Wouts had admitted all of the alleged conduct to him.

4. Grady was not one of the victims in the criminal case, but his story was one of the first to alert the prison and State of Wisconsin of Wouts's depraved conduct.

5. Wouts forced Grady to perform oral sex on him.

6. Grady found out after Wouts's criminal trial that Wouts was HIV positive.

7. Grady now suffers from post-traumatic stress disorder, depression, and experiences nightmares.

8. Wouts, in addition to furthering his malicious and perverted desire to dominate and control inmates, assaulted Grady within his scope of employment, which also included dominating and controlling inmates and preventing them from breaking prison rules.

9. Wouts, when asked about inmates whom he was secretly raping, would reply to Fox Lake Correctional staff that he was able to control the inmate-victims or "break" them into following rules.

10. Wouts, by submitting requests to superiors, managed to have his victims, including Grady, moved to the cell block that he supervised.

11. Law enforcement discovered pornography on Wouts's computer that depicted a (fictional) prison guard raping inmates under his supervision.

12. The pornography's description explained that "Establishing who is boss is essential in keeping your wards in check."

**JURISDICTION AND VENUE**

13. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

14. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

15. Venue is proper under 28 U.S.C. § 1391(b) because plaintiff resides in this district and most of the events described in this complaint happened in this district.

## PARTIES

16. Plaintiff Adonis Grady is a resident of the State of Wisconsin and is currently an inmate at the Kettle Moraine Correctional Institution in Sheboygan County, WI.

17. Defendant Wisconsin Department of Corrections (DOC) is a state government agency of the State of Wisconsin and was the employer of Alex Wouts. The DOC or the State of Wisconsin is required to pay any tort judgment for damages for which its employees are liable, for acts within the scope of their employment.

18. Defendant State of Wisconsin operates the DOC, thereby employing Alex Wouts. The State of Wisconsin or the DOC is required to pay any tort judgment for damages for which its employees are liable, for acts within the scope of their employment.

19. Defendant Alex Wouts was, at the time of this occurrence, employed as a sergeant at the Fox Lake Correctional Institution in Fox Lake, WI. The Fox Lake Correctional Institution a state institution operated by the State of Wisconsin through the Department of Corrections. Defendant Alex Wouts engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin's Department of Corrections at Fox Lake Correctional.

20. At all times relevant to this action, Defendant Alex Wouts was acting under color of state law, ordinance, and/or regulation. Wouts is sued in his individual capacity.

# FACTS

21. Plaintiff realleges the above facts.

22. Wouts started grooming Grady in 2013. He would make comments about homosexual sex to Grady and comments about other males to Grady.

23. In 2014, Wouts moved beyond grooming. He wrote Grady a letter telling Grady that he wanted Grady to perform anal sex on him and that he wanted to ejaculate on Grady's face.

24. In the fall of 2015, Grady was in segregation for violating a prison policy.

25. Wouts ensured that Grady would be moved to the block that Wouts supervised at the time after Grady was removed from segregation.

26. In fall of 2015, sometime between September and November, Wouts ordered Grady to go down to a storage area and break down boxes.

27. The lights were off in the storage area. Wouts followed Grady downstairs.

28. Wouts cornered Grady and grabbed Grady's sweatpants.

29. Wouts pulled Grady's penis out of his pants.

30. Wouts pulled his own penis out of his pants.

31. Grady told Wouts, "I don't want to, I don't want to."

32. Wouts told him to do it anyway, and used his position of power to force Grady to perform oral sex on him.

33. After that incident, at least one other time, Wouts performed oral sex on Grady.

34. Grady would find out after Wouts's criminal trial that Wouts was HIV positive.

35. After the first sexual assault, Wouts would regularly grab Grady's penis and attempt to manually stimulate him. Wouts did this at least 18–20 times.

36. In December of 2015 or January of 2016, Wouts ordered Grady to wait for him in the laundry room.

37. Once in the laundry room, Wouts pulled Grady's pants down and rubbed Grady's penis.

38. In late 2015, between October and December, Wouts would regularly wake Grady up and order Grady to masturbate in the shower, so Wouts could watch.

39. Wouts used his position of power, as a sergeant at Fox Lake Correctional Institution, to prey on prison inmates.

40. Wouts covered his sexual predations by using his power over his victims to force them into compliance at Fox Lake Correctional.

41. Wouts would persuade his superiors and other staff at Fox Lake Correctional to move his victims or prospective victims to the cell block he supervised.

42. Once he had his victims under his supervisory control, he would offer them favors to stay quiet.

43. Wouts would bring in contraband to give to his victims.

44. Wouts offered to bring in contraband for Grady.

45. Wouts would suggest his victims for favorable positions, treatment, or jobs at Fox Lake Correctional.

46. When Wouts received requests from other Fox Lake Correctional Institution staff about his thoughts on his victims, he would reply that they had potential and that he could keep them under control.

47. Wouts once emailed a supervisor, in response to a request for information about one of his victims, that he could "break" the victim down into being a good inmate.

48. Wouts once emailed a coworker, in response to a request for information about one of his victims, that the inmate was respectful, followed the rules, and got along well with other inmates.

49. Wouts viewed his assaults of his victims as a way to maintain control over them, which had the effect of benefiting Fox Lake Correctional Institution.

50. Wouts used his relationships with his victims, and specifically his power over his victims, to keep them in line and prevent them from breaking prison rules.

51. Wouts owned pornography depicting prison guards using sexual assault to maintain control over inmates.

52. Wouts managed to have Grady transferred to his cell block, after Grady was in segregation for violating a prison policy.

53. Wouts used his frequent sexual assaults of Grady to force Grady into compliance and to prevent Grady from committing more prison policy violations.

54. The Dodge County District Attorney's office launched an investigation of Wouts with the Dodge County Sheriff's Department.

55. The Dodge County District Attorney's office ultimately charged Wouts with six counts of sexually assaulting prison inmates. *See* Wis. Stat. § 940.225(2)(h).

6

56. A jury convicted Wouts of all six counts.

57. In a postconviction hearing, Wouts's defense attorney testified that Wouts "admitted all the conduct to [him.]"

### COUNT 1:

**42 U.S.C. § 1983 claim against Alex Wouts for violation of the Eighth Amendment of the United States Constitution.**

58. Plaintiff realleges the above paragraphs.

59. Grady had, while incarcerated at Fox Lake Correctional, the right to be free from cruel and unusual punishment.

60. At all relevant times, Wouts was acting under the color of state law, in his capacity as a correctional employee for the Wisconsin DOC at the Fox Lake Correctional Institution.

61. Wouts subjected Grady to the objectively serious assaults of forcing Grady to engage in oral sex, repeatedly grabbing Grady's penis, and humiliating Grady by ordering Grady masturbate in from of him.

62. Wouts acted intentionally and sought to, among other reasons, humiliate Grady.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Wouts, and because he acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## COUNT 2:
**Indemnification Claim Against Defendant State of Wisconsin and Defendant Wisconsin Department of Corrections**

63. Plaintiff realleges the above paragraphs.

64. Grady does *not* sue the State of Wisconsin or the Wisconsin DOC in principle.

65. Under Wisconsin law, Wis. Stat. § 895.46, public entities are required to pay any tort or judgment for damages for which employees are liable, for acts within the scope of their employment.

66. Under Wisconsin law, "If the employing state agency or the attorney general denies that the state officer, employee or agent was doing any act growing out of or committed in the course of the discharge of his or her duties, *the attorney general may appear on behalf of the state to contest that issue without waiving the state's sovereign immunity to suit*." Wis. Stat § 895.46(1)(a) (emphasis added).

67. The Court has personal jurisdiction over the State of Wisconsin and its Department of Corrections until Wisconsin properly raises its procedural immunity, if it chooses to do so. *See Erickson Oil Products, Inc. v. Wisconsin*, 516 N.W.2d 744, 756–57 (Wis. Ct. App. 1994).

68. The State of Wisconsin and the Wisconsin DOC are necessary parties to complete the determination of whether Wouts was acting within the scope of his employment, should Wisconsin choose to contest the issue without waiving its sovereign immunity. *See Larson v. Lester*, 49 N.W.2d 414, 416–17 (Wis. 1951).

69. Defendant Alex Wouts was an employee of the State of Wisconsin's agency the Wisconsin Department of Corrections, at the DOC's Fox Lake Correctional Institution.

70. Wouts's assaults of Grady were done within the scope of Wouts's employment with the State of Wisconsin.

71. Wouts's sexual assaults of Grady occurred during the authorized time and space limits of Wouts's employment at Fox Lake Correctional, an arm of Wisconsin's Department of Corrections.

72. Wouts, in assaulting Grady, was actuated, in part, by a purpose to serve the Fox Lake Correctional Institution.

73. Wouts was motivated in part to keep Grady, Wouts's ward, in check, similar to the plot of Wouts's pornographic movie.

74. Part of Wouts's responsibilities of employment included preparing inmates for future success by *enhancing their ability to live with others within the rules*.

75. Part of Wouts's responsibilities of employment included maintaining order in correctional facilities.

76. Part of Wouts's responsibilities of employment included maintaining respect for authority among inmates.

77. Wouts emailed superiors that he could "break" difficult inmates, including those he was assaulting.

78. Wouts emailed coworkers that difficult inmates had potential and were good inmates, including those on his block that he was assaulting.

79. Wouts was motivated in part to break Grady into being a good inmate.

80. Wouts was motivated in part to prevent Grady from breaking prison policies.

81. Wouts was motivated in part to prevent Grady from being disorderly.

82. Grady was sent to segregation for violating prison policies.

83. Wouts intentionally advocated for Grady to be moved to the block that Wouts was supervising after Grady was released from segregation. Wouts did this to create opportunities to assault Grady.

84. To keep Grady around, Wouts also acted to ensure that Grady would not violate prison policies.

85. In effect, Wouts compiled problematic inmates including Grady in his block, on the basis of keeping them out of trouble or making them behave, so that he could prey on them.

86. This in turn had the effect of benefiting Fox Lake Correctional, a benefit that Wouts was well aware of it, by keeping problematic inmates in line.

87. Fox Lake Correctional Institution was also aware that Wouts had been assaulting inmates. An inmate named Nathan Vieth complained that Wouts was assaulting inmates but a sham investigation revealed nothing.

88. Fox Lake Correctional Employees Donald Palmer, Jason Rhode, Brian Schueler, and Elizabeth Boomsma handled Veith's complaint and its investigation.

89. Palmer, Rhode, Schueler, and Boomsma failed to investigate. Instead they accused Veith of lying and protected Wouts.

90. Veith was ultimately reassigned to a high security correctional institution as punishment for making the complaint.

91. Palmer, Rhode, Schueler, and Boomsma protected Wouts, in part, because Wouts had a reputation of volunteering to take problematic inmates on his block and keeping those inmates in line.

92. At all times relevant to this action, Defendant Wouts engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin and the Wisconsin Department of Corrections.

WHEREFORE, Plaintiff asks this Court to find that the State of Wisconsin and the Wisconsin Department of Corrections must satisfy any judgment entered against Wouts, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

93. Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: August 6th, 2021

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
[608] 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff