# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADONIS R. GRADY,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN, WISCONSIN DEPARTMENT OF CORRECTIONS , and ALEX A. WOUTS,<br><br>                Defendants. | Case No. 21-CV-923-JPS<br><br>**ORDER** |

Plaintiff Adonis R. Grady filed a filed a complaint under 42 U.S.C. § 1983 against Alex A. Wouts ("Defendant Wouts"), as well as against the State of Wisconsin and the Wisconsin Department of Corrections (collectively the "State Defendants"), for violations of Plaintiff's constitutional rights. ECF No. 1. On August 8, 2022, the Court entered a scheduling order in the case, with summary judgment motions due by February 17, 2023 and a jury trial set for June 20, 2023. ECF No. 25. Currently pending before the Court are two motions: (1) the State Defendants' motion for judgment on the pleadings regarding indemnification, ECF No. 26, and (2) the State Defendants' motion to compel and motion to stay the scheduling order, ECF No. 33. For the reasons explained in this Order, the Court will deny the motion for judgment on the pleadings, grant the motion to compel, and deny the motion to stay the scheduling order as moot.

1. **PROCEDURAL HISTORY**

On January 6, 2022, the Court screened the complaint in accordance with 28 U.S.C. § 1915A(a). ECF No. 5. The Court allowed Plaintiff to proceed

on two claims: (1) an Eighth Amendment violation against Defendant Wouts for his repeated and unwanted sexual advances on Plaintiff and (2) an indemnification claim against the State Defendants. *Id.* at 5–9. On February 15, 2022, a summons was returned executed showing service on Defendant Wouts on February 14, 2022. ECF No. 11.

On March 7, 2022, the State Defendants filed a motion to dismiss. ECF No. 12. On March 28, 2022, Plaintiff filed a request for entry of default as to Defendant Wouts, ECF No. 15, and the Clerk entered default as to Defendant Wouts accordingly on May 24, 2022.

On April 7, 2022, the State Defendants filed a motion to withdraw the pending motion to dismiss along with an answer to the complaint. ECF Nos. 17, 18. The State Defendants indicated their involvement only for the for the purpose of participating in arguments as to whether the State must indemnify Defendant Wouts. ECF No. 17. The State Defendants' answer indicated, among other things, that "Defendant Wouts is not entitled to indemnification under Wisconsin Statute § 895.46 because, to the extent liability is found against Wouts, he was not acting in the scope of employment and has failed to satisfy the requirements of Wis. Stat. 895.46." ECF No. 18 at 3–4.

On July 18, 2022, the Court granted the motion to withdraw and accordingly denied the motion to dismiss as moot. ECF No. 20. The Court held a status hearing on July 29, 2022 with counsel for Plaintiff and the State Defendants appearing. ECF No. 21.

2. **JUDGMENT ON THE PLEADINGS**

    2.1 **Legal Standard**

Once the pleadings are closed, a party may file a motion pursuant to Federal Rule of Civil Procedure 12(c) to challenge the sufficiency of the

pleadings. "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). These motions are evaluated under the same standard as motions to dismiss brought pursuant to Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To state a claim sufficient to withstand a Rule 12(b)(6) motion, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citations and quotations omitted). In order to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

**2.2 Analysis**

The State Defendants have agreed to remain in this lawsuit for the sole purpose of arguing that Defendant Wouts is not entitled to indemnification under Wis. Stat. § 895.46(1)(a). ECF No. 27 at 2. The State Defendants argue they are entitled to judgment on the pleadings because Defendant Wouts is not entitled to indemnification because he has failed to cooperate in the defense of the litigation. *Id.* at 3. Plaintiff opposes the motion and argues two points in opposition: (1) unless the State Defendants are waiving sovereign immunity, the Court should refuse to consider this issue because it argues matters outside the scope of employment issue; and (2) the pleadings do not show that Defendant Wouts "refused" to "cooperate." ECF No. 31 at 4–6.

Wisconsin Statute § 895.46(1)(a) provides the relevant standards for public officers, employees, or agents to seek indemnification. It provides, in relevant part:

> If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee … in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee.
>
> …
>
> If the employing state agency or the attorney general denies that the state officer, employee or agent was doing any act growing out of or committed in the course of the discharge of his or her duties, the attorney general may appear on behalf

> of the state to contest that issue without waiving the state's sovereign immunity to suit.
>
> …
>
> If the officer, employee or agent of the state **refuses to cooperate in the defense of the litigation**, the officer, employee or agent is not eligible for any indemnification or for the provision of legal counsel by the governmental unit under this section.

*Id.* (emphasis added). The State Defendants point to several facts proving Defendant Wouts's refusal to cooperate in the litigation. First, Defendant Wouts did not file an answer and has not appeared in the case at all or participated in any way. Second, a default judgment was entered against him, and he has done nothing to challenge the default against him. Plaintiff in turn argues that the pleadings alone—the only facts the Court may consider on a motion for judgment on the pleadings—are insufficient to show that Defendant Wouts failed to cooperate.

To begin, the Court notes that neither party has provided any case law or concrete guidance as to what it means under Wis. Stat. § 895.46(1)(a) for a person to refuse to cooperate in the defense of the litigation. The parties instead rely on dictionary definitions for the terms refuse and cooperate. Plaintiff argues that it "takes two to tango" and that Defendant Wouts cannot fail to cooperate by himself. The State Defendants counter that although it may take two to tango, it does not take two to *not* tango. And likewise, one person can refuse to cooperate, as Defendant Wouts did here by essentially opting out of the lawsuit by defaulting.

The Court finds that the State Defendants have failed to carry the burden of persuasion that they are entitled to judgment as a matter of law on the pleadings. The Court is obliged at this juncture to draw all reasonable

inferences in the light most favorable to the non-moving party. Missing facts in the pleadings themselves give the Court pause to definitively find that Defendant Wouts has refused to cooperate in the litigation. Defendants may default for various different reasons. Default could be a strategic decision to save on attorney's fees if a defendant is in fact liable for the claims against him. Default could arise from pure negligence, such as a defendant accidently tossing the summons and complaint in the garbage as perceived junk mail and never giving it a second thought. If the latter situation, the Court would be hard-pressed to say that Defendant Wouts refused to cooperate in the litigation. Did Defendant Wouts actively refuse to tango when asked, or did he simply miss the invitation to tango altogether? Additionally, other facts missing from the pleadings are whether any interactions between Defendant Wouts and the State Defendants occurred. Did Defendant Wouts ask the State to represent him in this matter and it refused? Alternatively, did the State Defendants ask Defendant Wouts to participate in filing an answer and he refused?

At the pleading stage, the Court finds that there are too many unanswered questions to determine whether Defendant Wouts has refused to cooperate in the litigation. As such, the Court is obliged to deny the State Defendants' motion for judgment on the pleadings.

3.      **MOTION TO COMPEL**

The State Defendants move this Court for an order compelling Defendant Wouts to respond to their discovery requests. ECF No. 33 at 1. The State Defendants mailed discovery requests to Wouts on October 13, 2022 and responses were due on November 15, 2022. *Id.* (citing Fed. R. Civ. P. 34(b)(2)(A); 36(a)(3); 33(b)(2)). On December 6, 2022, counsel for the State Defendants attempted to confer with Defendant Wouts via a letter and

indicated that she intended to file a motion to compel if they did not receive a response by December 19, 2022. ECF No. 34-2.

Federal Rule of Civil Procedure 37(a)(3)(B) allows a party to move for an order compelling a discovery response. Here, Defendant Wouts has defaulted and has yet to appear in this action to file a response to the State Defendants' motion. The State Defendants do not ask for any specific sanctions aside from ordering Defendant Wouts to respond. ECF No. 33 at 2. The Court will accordingly grant the State Defendants' motion and will order Defendant Wouts to respond to the discovery requests on or before **January 18, 2023**.

### 4. CONCLUSION

For the reasons explained above, the Court will deny the State Defendants' motion for judgment on the pleadings and will grant the State Defendants' motion to compel. The State Defendants' motion to stay, ECF No. 33, was based on a request to stay the case until these pending motions had been resolved. As such, the Court will deny the motion for a stay of the scheduling order as moot.

Accordingly,

**IT IS ORDERED** that the State Defendants' motion for judgment on the pleadings, ECF No. 26, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the State Defendants' motion to compel discovery, ECF No. 33, be and the same is hereby **GRANTED**; Defendant Wouts must respond to the State Defendants' discovery requests on or before **January 18, 2023**;

**IT IS FURTHER ORDERED** that the Clerk of Court send Defendant Wouts a copy of this Order at the address listed in ECF No. 33-1; and

**IT IS FURTHER ORDERED** that the State Defendants' motion to stay the scheduling order, ECF No. 33, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge