# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADONIS R. GRADY,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN,<br>WISCONSIN DEPARTMENT OF<br>CORRECTIONS, and ALEX A.<br>WOUTS,<br><br>      Defendants. | Case No. 21-CV-923-JPS<br><br>**ORDER** |

  Plaintiff Adonis R. Grady filed a filed a complaint under 42 U.S.C. § 1983 against Alex A. Wouts ("Defendant Wouts"), as well as against the State of Wisconsin and the Wisconsin Department of Corrections (collectively the "State Defendants"), for violations of Plaintiff's constitutional rights. ECF No. 1. On May 24, 2022, the Clerk of Court entered default as to Defendant Wouts.

  On February 17, 2023, the State Defendants filed a motion for summary judgment. ECF No. 37. On March 6, 2023, Defendant Wouts filed a letter regarding discovery responses and a request for counsel. ECF No. 41. On April 18, 2023, the Court held a status conference where the Court gave Defendant Wouts until June 15, 2023, to obtain counsel. ECF No. 54. On June 20, 2023, Defendant Wouts filed a letter indicating he was unable to obtain counsel. ECF No. 57. On July 27, 2023, the Court held a status hearing. ECF No. 60.

  Defendant Wouts is appearing pro se and has not yet addressed the May 24, 2022 entry of default against him. Defendant Wouts has expressed

on numerous occasions that he has no legal training and has had difficulty understanding the case thus far. In his communication with the Court and during the recent status hearing, Defendant Wouts indicated that he disagreed with the allegations in the complaint. *See* ECF No. 55 at 1; ECF No. 60. Plaintiff still has taken no action to request default judgment against Defendant Wouts under Federal Rule of Civil Procedure 55(b).

The Court finds that the convoluted procedural posture of this case requires the Court to take action. Although the Clerk previously entered default as to Defendant Wouts, the Court may set aside default for good cause under Federal Rule of Civil Procedure 55(c), and may do so *sua sponte. See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008) ("[W]e believe that the district court had the authority to set aside *sua sponte* an entry of default against [defendant] for good cause."). As such, the Court *sua sponte* considers whether the removal of the entry of default against Defendant Wouts is warranted.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default if the moving party shows: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 809–10 (7th Cir. 2007) (citing *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)). The Seventh Circuit generally favors trial on the merits over default judgments and has described the standard for applying Rule 55(c) as lenient. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009); *Michiana Dairy Processors LLC v. All Star Beverage, Inc.*, 263 F.R.D. 514, 516 (N.D. Ind. 2009).

Here, the Court finds that good cause exists to set aside the entry of default against Defendant Wouts. Defendant Wouts is currently

incarcerated in Washington State and representing himself pro se. He has clearly indicated that he is unfamiliar with the law, has limited resources in prison, and contests the factual allegations against him. The Court acknowledges that Defendant Wouts did not quickly act to correct the default, however, Plaintiff has similarly not acted quickly and has made no request for the entry of default judgment pursuant to Rule 55(b) in furtherance of moving forward with the default process. Finally, and although the Court will not comment on the merits of Wouts's defense at this stage, Wouts has indicated he wishes to defend against the allegedly false allegations made against him in the complaint. As such, the Court finds that equity requires that the entry of default against Defendant Wouts be set aside pursuant to Federal Rule of Civil Procedure 55(c).

Given the removal of default, Wouts must file his answer to the complaint on or before **September 1, 2023**. The Court warns Defendant Wouts of his obligation to meet deadlines going forward and to timely communicate with the Court and opposing counsel. Although the Court understands that extra time may be needed in certain circumstances in light of his current incarceration, Defendant Wouts must communicate any need for additional time *before* the passing of any deadlines.

Finally, in light of removing the entry of default against Wouts, the Court will deny the State Defendants' pending motion for summary judgment, without prejudice, and will allow them the opportunity to re-file their motion at a later date. The State Defendants' motion is, at least in part, based on facts related to Defendant Wouts's lack of participation in this case, and the Court therefore believes that certain facts must be clarified prior to proceeding on the motion. The Court will discuss all scheduling

matters going forward with the parties at the status hearing on September 1, 2023.

Accordingly,

**IT IS ORDERED** that the entry of default against Defendant Wouts be and the same is hereby **SET ASIDE;** the Clerk of Court shall remove entry of default against Defendant Wouts;

**IT IS FURTHER ORDERED** that Defendant Wouts must file an answer to the complaint on or before **September 1, 2023**; and

**IT IS FURTHER ORDERED** that the State Defendants' motion for summary judgment, ECF No. 37, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 11th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge